WMN:BB/KO
F.#2006R00642

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -



HALAL AHMED and
PHYLLIS SEEMONGAL,

        Defendants.

- - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. __10 CR 70 (JBW)__
(T. 18, U.S.C., §§ 157(1),
157(2), 981(a)(1)(C),
982(a)(2)(A), 982(b)(1),
1343, 1344, 1349, 2 and 3551
et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   **The Defendants**

    1.   Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nd HALAL AHMED recruited individuals with good credit scores (hereinafter referred to as "Straw Buyers") to purchase residential properties within the Eastern District of New York and elsewhere.

    2.   Defendant PHYLLIS SEEMONGAL falsified documents provided to lenders for the purpose of obtaining mortgages.

3. Defendants ███████ and SEEMONGAL filed unauthorized bankruptcy petitions on behalf of Straw Buyers to avoid foreclosures on properties purchased through the Straw Buyers.

## II. The Fraudulent Scheme

4. From approximately April 2005 until approximately October 2009, the defendants, together with others, engaged in the following fraudulent scheme.

5. The defendants ████████████████████████ ████████████████████ and HALAL AHMED recruited Straw Buyers with good credit scores to purchase residential properties in Queens, Brooklyn and the Bronx. ████████ and AHMED pitched "investment opportunities" to the Straw Buyers, promising that the Straw Buyers would not have to make mortgage payments or take possession of the properties and that mortgage payments would either be paid by others or covered by rental income generated by the properties. In exchange for using their names and good credit, some of the Straw Buyers were promised a fee, typically in the range of $5,000 per property.

6. Once a Straw Buyer was identified, defendants ████████ and AHMED collected personal and financial information to be used on the mortgage applications.

7. Defendants ████████ AHMED and SEEMONGAL, together with others, then prepared and submitted loan

2

applications to various banks and mortgage companies. These applications contained various false statements. First, ▬▬▬ AHMED and SEEMONGAL misrepresented the financial information of the Straw Buyers on the mortgage applications to fraudulently induce banks and mortgage lenders to approve loans. Typically, these misrepresentations included falsely increasing income and bank account balances, as well as changing the stated occupation of the Straw Buyers. Second, the sales prices of the residences were inflated by using fraudulent appraisals.

8. Once the mortgages were approved and closings were arranged, the defendants ▬▬▬ AHMED and SEEMONGAL attended closings in furtherance of the fraudulent scheme.

9. At and following the closings, proceeds of the mortgages were often deposited into bank accounts controlled by ▬▬▬. In some instances, ▬▬▬ and AHMED continued to control the properties after the closings by renting properties to tenants and collecting rent or by performing construction work on the properties. In at least one instance, ▬▬▬ caused a property to be sold again to another Straw Buyer.

10. In some instances, mortgage payments were made to lenders. However, in all cases, after several months the mortgage payments ceased. In some instances, the mortgage lenders contacted the Straw Buyers to inform them that they were personally responsible for the mortgage payments, contrary to the

3

representations made to them by defendants ████ nd AHMED. Often, the mortgage lenders filed foreclosure lawsuits naming the Straw Buyers as defendants.

11. Defendants ████ and SEEMONGAL filed false and unauthorized bankruptcy petitions purportedly on behalf of Straw Buyers to stay or avoid foreclosures on properties for which the mortgage payments had ceased.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

12. The allegations contained in paragraphs 1 through 11 are repeated and incorporated as if fully set forth in this paragraph.

13. In or about and between March 2006 and April 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ████ ████████████████████████████████ HALAL AHMED and PHYLLIS SEEMONGAL, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice to transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures and

sounds, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Bank Fraud)

14. The allegations contained in paragraphs 1 through 11 are repeated and incorporated as if fully set forth in this paragraph.

15. In or about and between August 2006 and March 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████████ HALAL AHMED and PHYLLIS SEEMONGAL, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: First Franklin Loan Services and Mile High Banks, N.A., the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits and other property owned by and under the custody and control of said financial institutions by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

5

## COUNTS THREE THROUGH ELEVEN
### (Wire Fraud)

16. The allegations contained in paragraphs 1 through 11 are repeated and incorporated as if fully set forth in this paragraph.

17. On or about and between March 20, 2006 and April 18, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ████████████████████████████████████████████ HALAL AHMED and PHYLLIS SEEMONGAL, together with others, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

18. For the purpose of executing the scheme and artifice, on or about the dates set forth below, the defendants identified below, together with others, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, as indicated below:

| COUNT & DATE | DEFENDANTS | ORIGINATOR | BENEFICIARY | DESCRIPTION |
|---|---|---|---|---|
| 3<br>3/20/06 | ████████<br>SEEMONGAL | Deutsche Bank/New Century Mortgage Corporation | JPMorgan Chase attorney escrow account in the name of Buchman, Arulin & Bychok PLLC | Interstate wire transfer of $428,393.17 in mortgage funds for the purchase of 2311 Creston Avenue, Bronx, New York |

| COUNT & DATE | DEFENDANTS | ORIGINATOR | BENEFICIARY | DESCRIPTION |
|---|---|---|---|---|
| 4<br>6/22/06 | AHMED<br>▮▮▮<br>SEEMONGAL | Mortgage Lenders Network USA | JPMorgan Chase Bank attorney escrow account in the name of Buchman Arulin & Bychok PLLC | Interstate wire transfer of $518,782.75 in mortgage funds for the purchase of 1411 Noble Avenue, Bronx, New York |
| 5<br>6/22/06 | AHMED<br>▮▮▮<br>SEEMONGAL | Mortgage Lenders Network USA | JPMorgan Chase Bank attorney escrow account in the name of Buchman Arulin & Bychok PLLC | Interstate wire transfer of $129,472.44 in mortgage funds for the purchase of 1411 Noble Avenue, Bronx, New York |
| 6<br>11/8/06 | AHMED<br>▮▮▮<br>SEEMONGAL | MortgageIT, Inc. | Citibank, N.A. attorney escrow account in the name of the Law Office of Cesar A. Fernandez | Interstate wire transfer of $579,399.42 in mortgage funds for the purchase of 118-15 150th Avenue, South Ozone Park, New York |
| 7<br>11/8/06 | AHMED<br>▮▮▮<br>SEEMONGAL | MortgageIT, Inc. | Citibank, N.A. attorney escrow account in the name of the Law Office of Cesar A. Fernandez | Interstate wire transfer of $70,753.19 in mortgage funds for the purchase of 118-15 150th Avenue, South Ozone Park, New York |
| 8<br>11/9/06 | ▮▮▮ | UBS | Bank of America account in the name of Equity Settlement Services | Interstate wire transfer of $1,004,124.44 in mortgage funds for the purchase of 82 Madison Street, Brooklyn, New York |
| 9<br>11/9/06 | ▮▮▮ | UBS | Bank of America account in the name of Equity Settlement Services | Interstate wire transfer of $247,812.50 in mortgage funds for the purchase of 82 Madison Street, Brooklyn, New York |
| 10<br>2/28/08 | ▮▮▮ | Citimortgage | North Fork Bank attorney escrow account in the name of Diane D. Cohen | Interstate wire transfer of $487,730.51 in mortgage funds for the purchase of 146-20 130th Avenue, Jamaica, New York |

| COUNT & DATE | DEFENDANTS | ORIGINATOR | BENEFICIARY | DESCRIPTION |
|---|---|---|---|---|
| 11 4/18/08 | ▮ | First Horizon Home Loans | HSBC attorney escrow account in the name of Jonathan M. Rosen | Interstate wire transfer of $515,271.92 in mortgage funds for the purchase of 146-18 130th Avenue, Jamaica, New York |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNTS TWELVE THROUGH THIRTEEN
(Bank Fraud)

19. The allegations contained in paragraphs 1 through 11 are repeated and incorporated as if fully set forth in this paragraph.

20. In or about and between August 2006 and March 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▮ HALAL AHMED and PHYLLIS SEEMONGAL, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud one or more financial institutions, to wit: First Franklin Loan Services and Mile High Banks, N.A., the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits and other property owned by and under the custody and control of said financial institutions by means of materially false and fraudulent pretenses, representations and promises, as indicated below:

| COUNT & DATE | DEFENDANT(S) | FINANCIAL INSTITUTION | DESCRIPTION |
|---|---|---|---|
| 12<br>8/21/06 | AHMED | First Franklin Loan Services | $648,521.61 in mortgage funds for the purchase of 97-46 78th Street, South Ozone Park, New York |
| 13<br>3/26/08 | ███████ | Mile High Banks, N.A. | $468,521.87 in mortgage funds for the purchase of 149-50 Lefferts Boulevard, South Ozone Park, New York |

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

### COUNTS FOURTEEN THROUGH EIGHTEEN
(Bankruptcy Fraud)

21. The allegations contained in paragraphs 1 through 11 are repeated and incorporated as if fully set forth in this paragraph.

22. In or about and between April 2005 and October 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████████████ and PHYLLIS SEEMONGAL, together with others, having devised and intending to devise a scheme and artifice to defraud and for the purpose of executing and concealing such scheme and artifice and attempting to do so, did knowingly and intentionally file a petition, and a document in a proceeding, under Title 11 of the United States Code, as indicated below:

| COUNT & DATE | DEFENDANT(S) | CASE | FILING |
|---|---|---|---|
| 14<br>4/1/05 | ■■■■ | In re Genao Crosbis,<br>Bk. No. 1-05-14394<br>(ESS) (Bankr. EDNY) | Voluntary Chapter 13 petition |
| 15<br>3/26/09 | ■■■■<br>SEEMONGAL | In re Gerard Leonard,<br>Bk. No. 1-09-42311<br>(JF) (Bankr. EDNY) | Voluntary Chapter 13 petition |
| 16<br>4/7/09 | ■■■■<br>SEEMONGAL | In re Gerard Leonard,<br>Bk. No. 1-09-42311<br>(JF) (Bankr. EDNY) | Motion to dismiss Chapter 13 petition |
| 17<br>6/4/09 | ■■■■<br>SEEMONGAL | In re Gerard Leonard,<br>Bk. No. 1-09-44692<br>(JF) (Bankr. EDNY) | Voluntary Chapter 13 petition |
| 18<br>10/7/09 | ■■■■ | In re Gerard Leonard,<br>Bk. No. 1-09-48821<br>(JF) (Bankr. EDNY) | Voluntary Chapter 13 petition |

(Title 18, United States Code, Sections 157(1), 157(2), 2 and 3551 et seq.)

## FORFEITURE ALLEGATION FOR COUNT ONE AND COUNTS THREE THROUGH ELEVEN

23. The United States hereby gives notice to the defendants ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ HALAL AHMED and PHYLLIS SEEMONGAL that, upon conviction of any of the offenses charged in Counts One and Counts Three through Eleven, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including

10

but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses.

24. If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

## FORFEITURE ALLEGATION FOR COUNTS TWO, TWELVE AND THIRTEEN

   25. The United States hereby gives notice to the defendants ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ HALAL AHMED and PHYLLIS SEEMONGAL that, upon conviction of any of the offenses charged in Counts Two, Twelve and Thirteen, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

   26. If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18,

United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(A) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK