```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA      *    Case No. 10-CR-70(JBW)
                              *
                              *    Brooklyn, New York
                              *    October 4, 2010
       v.                     *
                              *
PHYLLIS SEEMONGAL,            *
                              *
             Defendant.       *
                              *
* * * * * * * * * * * * * * * *

            TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
               BEFORE THE HONORABLE JOAN M. AZRACK
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:           RICHARD M. TUCKER, ESQ.
                              WILLIAM DAVID SARRATT, ESQ.
                              Asst. United States Attorney
                              United States Attorney's Office
                              271 Cadman Plaza
                              Brooklyn, NY 11201


For the Defendant:            DOUGLAS G. MORRIS, ESQ.
                              Federal Defenders of
                                New York, Inc.
                              16 Court Street
                              Brooklyn, NY  11201




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1     (Proceedings commenced at 11:30 a.m.)
2             THE COURT:  Please be seated.
3             THE CLERK:  Criminal cause for a pleading, 10-CR-
4     70, United States versus Phyllis Seemongal.  Counselors,
5     please state your appearances for the record.
6             MR. TUCKER:  Richard Tucker for the United States.
7     Good morning, Your Honor.
8             THE COURT:  Good morning.
9             MR. SARRATT:  Good morning, Your Honor.  David
10    Sarratt for the United States as well.
11            THE COURT:  Good morning.
12            MR. MORRIS:  Douglas Morris of Federal Defenders,
13    with my client Ms. Phyllis Seemongal.  Good morning, Judge.
14            THE COURT:  Good morning.  All right.
15             The first matter we need to take up, Ms.
16    Seemongal, is whether you consent to me hearing your guilty
17    plea.
18            Your case is assigned to Judge Weinstein.  He will
19    be sentencing you if the plea is accepted.  But I can't hear
20    your plea without your consent.
21            Do you consent to me hearing your guilty please?
22            THE DEFENDANT:  Yes, Your Honor.
23            THE COURT:  You're really going to have to speak
24    up, ma'am.
25            THE DEFENDANT:  Yes.

3

1    THE COURT:  Okay.  Now I have to ask you a series
2 of questions as we go through this plea proceeding.  Listen
3 carefully.
4    Make sure you understand my questions because you
5 will be under oath when you answer and that means if you gave
6 a false answer to any of my questions, you could be charged
7 with an additional crime which is the crime of perjury or
8 making a false statement.
9    Do you understand that?
10   THE DEFENDANT:  Yes.
11   THE COURT:  Okay.  Would you swear Ms. Seemongal?
12      (The defendant is sworn.)
13   THE COURT:  All right.  What is your full name?
14   THE DEFENDANT:  Phyllis Seemongal.
15   THE COURT:  How old are you?
16   THE DEFENDANT:  48.
17   THE COURT:  How far did you go in school?
18   THE DEFENDANT:  Three years of college.
19   THE COURT:  Are you presently under the care of any
20 doctors?
21   THE DEFENDANT:  No.
22   THE COURT:  In the past 24 hours, have you had any
23 narcotics, medicine, pills or alcohol?
24   THE DEFENDANT:  No.
25   THE COURT:  Have you ever been treated for drug

4

1    addiction?
2             THE DEFENDANT:  No.
3             THE COURT:  Is your mind clear today?
4             THE DEFENDANT:  Yes.
5             THE COURT:  Do you understand what's going on here
6    today?
7             THE DEFENDANT:  Yes.
8             THE COURT:  Mr. Morris, have you discussed this
9    matter with your client?
10            MR. MORRIS:  Yes.
11            THE COURT:  And in your view, does she understand
12   the rights she'll be waiving by pleading guilty?
13            MR. MORRIS:  Yes.
14            THE COURT:  Do you have any questions about her
15   competence?
16            MR. MORRIS:  No.
17            THE COURT:  Did you advise her of the maximum
18   sentence and fine that can be imposed?
19            MR. MORRIS:  Yes.
20            THE COURT:  Have you discussed the sentencing
21   guidelines with her?
22            MR. MORRIS:  Yes.
23            THE COURT:  Ms. Seemongal, have you had enough time
24   to discuss your case with Mr. Morris?
25            THE DEFENDANT:  Yes.

5

1   THE COURT: Are you satisfied to have him represent
2   you?
3   THE DEFENDANT: Yes.
4   THE COURT: Did you read a copy of the indictment
5   containing the charges?
6   THE DEFENDANT: Yes.
7   THE COURT: Do you understand the charges?
8   THE DEFENDANT: Yes.
9   THE COURT: Did you discuss them with Mr. Morris?
10  THE DEFENDANT: Yes.
11  THE COURT: Do you understand that you have a
12  right, Ms. Seemongal, to plead not guilty to the charges in
13  the indictment?
14  THE DEFENDANT: Yes.
15  THE COURT: And if you plead not guilty to the
16  charges in the indictment, are you entitled to a speedy,
17  public trial by a jury with your lawyer's assistance.
18  THE DEFENDANT: Yes.
19  THE COURT: If you went to trial, Ms. Seemongal, at
20  trial you would be presumed innocent and the government would
21  have to overcome the presumption of innocence and the
22  government would have to prove your guilt both by competent
23  evidence and beyond a reasonable doubt. You would not have
24  to prove that you were innocent.
25  And if the government failed to prove your guilt

1   beyond a reasonable doubt, the jury at the trial would then
2   have a duty to find you not guilty.  Do you understand that?
3           THE DEFENDANT:  Yes.
4           THE COURT:  Now if you went to trial, at trial
5   witnesses for the government would come to court and they
6   would testify in front of you.
7           And Mr. Morris would have a right to cross-examine
8   those witnesses and he could object to evidence offered by
9   the government and he could offer evidence for you.
10          Do you understand?
11          THE DEFENDANT:  Yes.
12          THE COURT:  In addition at your trial, while you
13  would have a right to testify if you chose to, you couldn't
14  be forced to take the witness stand and that's because under
15  our Constitution a defendant in a criminal case cannot be
16  forced to take the witness stand and be a witness against
17  herself.
18          So if you decided at your trial, if you went to
19  trial, that you didn't want to testify, Judge Weinstein would
20  actually direct the jury that they couldn't hold the fact
21  that you hadn't testified against you.  Do you understand
22  that?
23          THE DEFENDANT:  Yes.
24          THE COURT:  I can't hear you.
25          THE DEFENDANT:

1          THE COURT:  Now if you plead guilty and your plea
2    is accepted, you will be giving up your rights to the trial.
3    There'll be no trial of any kind and instead the Court will
4    simply enter a judgment of guilty based on your guilty plea
5    here today.
6          Do you understand that?
7          THE DEFENDANT:  Yes.
8          THE COURT:  Also if you plead guilty, I have to ask
9    you questions about what you did because I have to be
10   satisfied that you are in fact guilty of the charge.
11         You will have to answer my questions and
12   acknowledge your guilt and when you do that, you will be
13   giving up that right I described a moment ago which is the
14   right not to be a witness against yourself.
15         Do you understand that?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Okay.  Are you willing to give up your
18   right to the trial, Ms. Seemongal?
19         THE DEFENDANT:  Yes.
20         THE COURT:  Let me hand you your plea agreement.
21   Have you read that document, the plea agreement, very
22   carefully?
23         THE DEFENDANT:  Yes.
24         THE COURT:  Excuse me?
25         THE DEFENDANT:  Yes.

1        THE COURT: Okay. And after you read it, did you
2 discuss it with Mr. Morris?
3        THE DEFENDANT: Yes.
4        THE COURT: After you and Mr. Morris discussed the
5 plea agreement, did you understand everything in it?
6        THE DEFENDANT: Yes.
7        THE COURT: Do you agree to the terms that are
8 contained in it?
9        THE DEFENDANT: Yes.
10       THE COURT: Did you sign it at the end to show your
11 agreement?
12       THE DEFENDANT: Yes.
13       THE COURT: Is that your signature on the last
14 page? Oh, Mr. Tucker, I don't think you've signed.
15       MR. TUCKER: I haven't, Your Honor. I wasn't aware
16 that she signed it.
17       THE DEFENDANT: Yes.
18       THE COURT: Has anybody made any promise to you
19 that's not contained in that written plea agreement? Any
20 promises about your case?
21       THE DEFENDANT: No.
22       THE COURT: Okay. All right. We're just going to
23 give it to Mr. Tucker to sign.
24       MR. TUCKER: Your Honor, the financial affidavit is
25 attached to the plea agreement. I'm just asking defense

```
 1      counsel for that now --
 2              THE COURT:  Oh.  Fine.
 3              MR. TUCKER:  -- so I can quickly look at it.
 4              THE COURT:  Okay.
 5              MR. TUCKER:  To include that here.  Thank you.
 6              THE COURT:  Has anybody threatened or forced you to
 7      plead guilty?
 8              THE DEFENDANT:  No.
 9              MR. TUCKER:  Thank you, Your Honor.
10              THE COURT:  You're welcome.  Okay.  Let's review
11      the potential penalties here.  There is a maximum 30-year
12      term of imprisonment.  Do you understand that?
13              THE DEFENDANT:  Yes.
14              THE COURT:  There is a supervised release term of
15      up to five years and supervised release is like a term of
16      probation in the sense that when you are on supervised
17      release for whatever term Judge Weinstein sets, you're free
18      and you are at liberty, but you are under the supervision of
19      the Probation Department and you must abide by any conditions
20      they set as part of your supervised release.
21              If you violate a condition of your supervised
22      release, depending on how serious the violation is, you could
23      be ordered returned to prison for up to three additional
24      years.  Do you understand that?
25              THE DEFENDANT:  Yes.
```

10

1    THE COURT:  There's a fine of up to $1 million.  Do
2    you understand that?
3    THE DEFENDANT:  Yes.
4    THE COURT:  And it may be that the Court orders you
5    to make restitution.  Do we know the amount of restitution,
6    Mr. Tucker?
7    MR. TUCKER:  Not at this time, Your Honor.  It's
8    not been agreed upon.  It will be determined by the Court in
9    the course of a prison sentence.
10   THE COURT:  Have you discussed restitution with
11   your client, Mr. Morris?
12   MR. MORRIS:  Yes.
13   THE COURT:  There's a mandatory $100 special
14   assessment.  Do you understand that, Ms. Seemongal?
15   THE DEFENDANT:  Yes.
16   THE COURT:  Have you and Mr. Morris discussed the
17   sentencing guidelines?
18   THE DEFENDANT:  Yes.
19   THE COURT:  Do you understand that the sentencing
20   guidelines, which used to be mandatory for judges to follow,
21   are no longer mandatory, but are now what we call advisory?
22   And that means that Judge Weinstein will look to
23   the guidelines to see what they would say about your case,
24   but then consider many other factors to determine what your
25   sentence should be.

11

1              Do you understand that?
2              THE DEFENDANT: Yes.
3              THE COURT: Under certain circumstances, you can
4    appeal your sentence. I see that in paragraph 4 of your plea
5    agreement you've agreed not to appeal your sentence if it's
6    37 months or less. Do you understand that?
7              THE DEFENDANT: Yes.
8              THE COURT: Okay. Is that correct, Mr. Morris?
9              MR. MORRIS: Yes.
10             THE COURT: Okay. Now prior to your sentencing,
11   you're going to get a chance to read a document called a pre-
12   sentence report prepared by the Probation Department and that
13   will be all about you and it will recommend a guideline and
14   if you think there's anything factually incorrect in the pre-
15   sentence report, you can challenge what you think is
16   incorrect at a hearing prior to your sentencing.
17             But the only situation in which you could appeal
18   would be as I said if you received a sentence of over 37
19   months. You understand?
20             THE DEFENDANT: Yes.
21             THE COURT: Is there anything else from the plea
22   agreement you'd like me to review, Mr. Tucker?
23             MR. TUCKER: No, Your Honor. Not at this time.
24             THE COURT: What about you, Mr. Morris?
25             MR. MORRIS: No, Judge.

12

1       THE COURT:  Okay.  Do you have any questions you
2  want to ask me, Ms. Seemongal, about the charge, your rights
3  or anything else relating to this matter?
4       THE DEFENDANT:  No.
5       THE COURT: Are you read to plead?
6       THE DEFENDANT:  Yes.
7       THE COURT:  Mr. Morris, do you know of any reason
8  why your client should not plead guilty?
9       MR. MORRIS:  No good reason in the present
10 circumstances.
11      THE COURT:  What is your plea to Count 1?  Guilty
12 or not guilty?
13      THE DEFENDANT:  Guilty.
14      THE COURT:  Are you making this plea of guilty
15 voluntarily and of your own free will?
16      THE DEFENDANT:  My own free will.
17      THE COURT:  Okay.  Tell me in your own words what
18 it is you did to commit the crime charged.
19      MR. MORRIS:  Your Honor, may I ask my client some
20 questions?
21      THE COURT:  Oh, yes.  Yes.  Thank you.  Okay.
22      MR. MORRIS:  Ms. Seemongal, I direct your attention
23 to the time period between March of 2006 and April of 2008.
24 In that time, did you work with others in terms of real
25 estate transactions?

13

1        THE DEFENDANT:  Yes.
2        MR. MORRIS:  And did you in working with them
3   prepare and submit loan applications to various banks and
4   mortgage companies?
5        THE DEFENDANT:  Yes.
6        MR. MORRIS:  And did you know when you did this
7   that these applications contained various false statements?
8        THE DEFENDANT:  Yes.
9        MR. MORRIS:  And did you in doing that misrepresent
10  the financial information of certain straw buyers on the
11  mortgage applications?
12       THE DEFENDANT:  Yes.
13       MR. MORRIS:  And did you do that with the purpose
14  of fraudulently inducing the banks and mortgage lenders to
15  approve loans?
16       THE DEFENDANT:  Yes.
17       MR. MORRIS:  And did these misrepresentations
18  include falsely increasing income and bank account balances?
19       THE DEFENDANT:  Yes.
20       MR. MORRIS:  And did you do this within Queens and
21  Brooklyn?
22       THE DEFENDANT:  Yes.
23       MR. MORRIS:  And that was part of an understanding
24  that you had with the other people that you were doing this
25  with, correct?

14

1   THE DEFENDANT:  Yes.
2   MR. MORRIS:  I have no further questions.
3   THE COURT:  Mr. Tucker, you want to ask some
4   questions?
5   MR. TUCKER:  Your Honor, I think the only thing
6   we're missing is that these transactions involved interstate
7   wire transfers.
8   MR. MORRIS:  We have no objection to that, Judge.
9   THE COURT:  And is that, in fact, what the evidence
10  would show?
11  MR. TUCKER:  Yes, Your Honor.
12  THE COURT:  Okay.  All right.  Based on the --
13  MR. TUCKER:  And it's on submission, Your Honor.
14  THE COURT:  -- yes.  Based on the information I've
15  heard, I find that the defendant is acting voluntarily, fully
16  understands her rights and the consequences of her plea and
17  that there is an adequate factual basis for the plea to
18  Count 1 so I recommend to Judge Weinstein that he accept the
19  plea of guilty.
20      Do we have a sentencing date?
21  MR. MORRIS:  Your Honor, may I just have one moment
22  to consult with the government?
23  THE COURT:  Yes.  Yes.
24  MR. MORRIS:  Thank you.
25      (Both counsel confer.)

15

1         MR. MORRIS:  Your Honor, we would just request
2     that -- I think this is a joint request, that the pre-
3     sentence interview held in abeyance until after the trial of
4     the co-defendants.
5         MR. TUCKER:  The government has no objection to
6     that.  And to answer Your Honor's question, I don't think we
7     actually have a date right at this moment.
8         This matter is set to go to trial at the end of
9     November --
10        THE COURT:  Okay.
11        MR. TUCKER:  -- with her co-defendants, so --
12        THE COURT:  Right.
13        MR. TUCKER:  -- we'll confirm with --
14        THE COURT:  Okay.
15        MR. TUCKER:  -- Judge Weinstein's chambers.
16        THE COURT:  All right.  Application granted.  Is
17    she out on bail?
18        MR. MORRIS:  Yes.
19        THE COURT:  Is there any objection to bail being
20    continued?
21        MR. TUCKER:  No, Your Honor.
22        THE COURT:  Okay.  Thank you.  Bail's continued.
23    Here you go.
24        MR. MORRIS:  Thank you.
25        MR. TUCKER:  Thank you, Your Honor.

16

1  MR. SARRATT: Thank you, Your Honor.

2  (Proceedings concluded at 11:46 a.m.)

3  I, CHRISTINE FIORE, court-approved transcriber and

4  certified electronic reporter and transcriber, certify that

5  the foregoing is a correct transcript from the official

6  electronic sound recording of the proceedings in the above-

7  entitled matter.

8

9  *Christine Fiore* (signature)

10  _____    November 5, 2010

11  Christine Fiore, CERT